UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREVOR L. ROGERS,

          Petitioner,

    v.                          Case No. 25-CV-818

STATE OF WISCONSIN,

          Respondent.

## RECOMMENDATION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Trevor L. Rogers, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Rogers also filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 2) and a motion to appoint counsel (ECF No. 3). Having reviewed Roger's institutional account statements (ECF Nos. 4, 8), the court concludes that he lacks the resources to prepay the fees and costs associated with this action. Therefore, Roger's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) will be granted.

A Wisconsin state court convicted Rogers of second-degree intentional homicide with a weapons enhancement. (ECF No. 1 at 2.) Rogers requests that the court vacate his conviction and sentence because there must have been "foul play or [the] victim is still alive." (ECF No. 1 at 12.) He cites three grounds for relief: (1) crime scene photographs revealed evidence of bodily functions (an erect penis); (2) Rogers was never shown evidence of the defensive wounds allegedly incurred by the victim; and (3) "other or additional" chest wounds on the victim went unmarked and unexplained. (ECF No. 1 at 6–8.) Rogers acknowledges that he may not have exhausted his remedies in state court but claims that any failure to do so was the result of ineffective assistance of counsel. (ECF No. 1 at 6–8.)

The Court must screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Three problems are readily apparent from Rogers's petition. First, the petition appears untimely. According to the petition and the public records of the Wisconsin Court of Appeals and Wisconsin Supreme Court, the Wisconsin Supreme Court denied Rogers's petition for review on October 11, 2016. *See State v. Rogers*, 891 N.W.2d 411 (Wis. 2016). Therefore, Roger's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on

2

January 9, 2017, when the deadline for seeking review by the United States Supreme Court passed without Rogers seeking review. Rogers had one year from that date—until January 9, 2018—in which to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1).

But because the one-year statute of limitations is an affirmative defense that the respondent may waive, it is usually inappropriate to dismiss a petition as untimely at this preliminary stage. *See Tate v. Borgen*, No. 04-C-1019, 2005 WL 1785251, at *11, 2005 U.S. Dist. LEXIS 48282, at *23 (E.D. Wis. July 26, 2005). Moreover, the one-year statute of limitations is subject to equitable tolling, and "it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

Passing that issue, it appears that Rogers has failed to exhaust his remedies in state court. A petitioner is required to exhaust his state-court remedies before a federal court will consider the merits of his petition. 28 U.S.C. § 2254(b)(1)(A); *Liberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006).

A review of Rogers's petition and Wisconsin circuit court records, available at http://wcca.wicourts.gov, fail to reveal that he has sought relief from the Wisconsin Court of Appeals or the Wisconsin Supreme Court for the issues he now raises in his petition.

*But see State v. Rogers*, No. 2015AP609-CR, 2016 WL 8605326, at *1 (Wis. Ct. App. May 4, 2016) (appealing conviction on other grounds). Even though Rogers cites ineffective assistance of counsel as cause for his failure to exhaust his state remedies, such a claim should generally still be presented to the state courts by way of a post-conviction motion pursuant to Wis. Stat. § 974.06 and a *Knight*[1] petition with the court of appeals. *See Blank v. Humphreys*, No. 09-C-0733, 2011 WL 1085172, at *4, 2011 U.S. Dist. LEXIS 35971, at *12–13 (E.D. Wis. Mar. 22, 2011) (requiring petitioner to raise a claim for ineffective assistance of counsel in both the state trial and appellate courts to constitute exhaustion).

The third, and biggest, problem with Roger's petition is that he does not present any constitutional claims. Rogers entered a no contest plea to the charge of second-degree intentional homicide with use of a dangerous weapon and entered a special plea of not guilty by reason of mental disease or defect. *See Rogers*, 2016 WL 8605326, at *1. "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989) (citing *McMann v. Richardson*, 397 U.S. 759 (1989)). "[A] no contest plea is indistinguishable from a guilty plea, in that it forecloses any opportunity to contest any alleged antecedent constitutional

---

[1] *See State v. Knight*, 484 N.W.2d 540, 544 (Wis. 1992) (claims of ineffective assistance of counsel on direct appeal should be raised in a habeas corpus petition filed in the state appellate court that heard the appeal).

deprivations." *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006). As such, all non-jurisdictional arguments in Rogers's petition are deemed waived.

Rogers has made no attempt to connect his grounds for relief to his insanity plea. Nor does Rogers allege that his no-contest plea was unknowing or involuntary. The court does not construe his petition so broadly as to construct that argument for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993) ("While the courts liberally construe pro se pleadings as a matter of course, judges are not…required to construct a party's legal arguments for him." (internal citation omitted)). In sum, Rogers does not present any cognizable constitutional claims for which he is entitled to relief in the district court. Therefore, the court will recommend that his petition be dismissed.

As for Rogers's request for counsel (ECF No. 3), habeas petitioners do not have a right to the appointment of counsel. *Wright v. West*, 505 U.S. 277, 293 (1992). Rather, a district court may recruit counsel pursuant to 28 U.S.C. § 1915(e) if the habeas petitioner (1) is indigent; (2) reasonably attempted to independently retain counsel or was prevented from doing so; and, (3) given the complexities of the case, is incompetent to litigate himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Rogers has not provided any evidence of efforts to retain counsel on his own. In any event, the assistance of counsel would not change the roadblocks the court has identified to Rogers's petition. Therefore, the court will deny Rogers's request for counsel (ECF No. 3). If the district judge disagrees with the recommendation set forth herein, Rogers may renew his request.

**IT IS THEREFORE ORDERED** that Rogers's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Rogers's request for counsel (ECF No. 3) is **denied without prejudice**.

**IT IS FURTHER RECOMMENDED** that Rogers's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 8th day of July, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge