UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREVOR L. ROGERS,

        Petitioner,

  v.                                  Case No. 25-cv-818-pp

SUE DEHAAN,[1]

        Respondent.

---

**ORDER ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 10), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On June 9, 2025, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction for second-degree intentional homicide. Dkt. No. 1. On July 8, 2025, Magistrate Judge William E. Duffin issued a report recommending that the court deny and dismiss the petition. Dkt. No. 10. Judge Duffin advised the petitioner that he had fourteen days from the date of the recommendation to object to it; that means the petitioner was required to object by July 22, 2025. That deadline has passed, and the court has not received an objection or heard from the petitioner.

---

[1] Rule 2 of the Rules Governing Section 2254 Petitions requires a petitioner incarcerated under a state court judgment to name as respondent the official who has custody of the petitioner. When the petitioner filed his petition, he was at the Wisconsin Resource Center. The court has changed the caption to reflect the current director of that facility.

1

The June 9, 2025 petition states that at the time he wrote the petition, the petitioner was confined at the Wisconsin Resource Center. Dkt. No. 1 at 1. On June 16, 2025, however, the clerk's office received a notice from the petitioner, stating that he had been transferred to Waupun Correctional Institution. Dkt. No. 6. The court sent Judge Duffin's report and recommendation to the petitioner at Waupun; it has not been returned as undeliverable, and the Wisconsin Department of Corrections locator website shows that the petitioner remains confined there. appsdoc.wi.gov/lop/details/detail. The court has no reason to believe that the petitioner did not receive the report and recommendation, or was unaware of the deadline to object. Because the court has no reason to reject or modify Judge Duffin's report and recommendation, the court will adopt his recommendation to dismiss the petition and this case.

### I. Background

The petition refers to State of Wisconsin v. Trevor L. Rogers, Racine County Case No. 2011CF001605 (available at https://wcca.wicourts.gov). The petitioner entered a plea of no contest to the charge of second-degree intentional homicide with use of a dangerous weapon and entered a special plea of not guilty by reason of mental disease or defect. Id. The court sentenced the petitioner to six years in prison and eighteen years of extended supervision. Id. The court entered the judgment of conviction on September 11, 2014. Id. The Wisconsin Court of Appeals affirmed the petitioner's conviction on appeal. Id. On October 11, 2016, the Wisconsin Supreme Court denied the petitioner's

2

petition for review. Id. The petitioner did not seek *certiorari* with the United States Supreme Court or file any further postconviction motions until this *habeas* petition.

The petition raises three claims for relief: (1) crime scene photographs show that the victim in this case exhibited "bodily functions" after death; (2) the petitioner never saw photos of the victim's alleged defensive wounds, which he asserts were the reason why he could not claim that he acted in self-defense; and (3) in the photos the petitioner's lawyer showed him, there were "other or additional" chest wounds on the victim whose source was unexplained. Dkt. No. 1 at 6–8. The petitioner states that he did not exhaust his state court remedies on any of these claims because his counsel was ineffective and "only focused on [his] insanity plea." Id. at 7–8. The petitioner asks to have his sentence and conviction vacated, asserting that there "has to be foul play or [the] victim is still alive." Id. at 12. Along with his petition, the petitioner filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3.

On July 8, 2025, Judge Duffin issued an order granting the the petitioner's motion for leave to proceed without prepaying the filing fee, denying his motion to appoint counsel and recommending that the court dismiss the petition. Dkt. No. 10. Judge Duffin identified three problems with the petition. He determined that the petition likely had not been timely filed because the petitioner's conviction became final on January 9, 2017, but he did not file this *habeas* petition until seven and a half years later—well outside the one-year

3

limitation period for *habeas* claims. Id. at 2–3. Judge Duffin stated that because timeliness is an affirmative defense that the respondent can waive and the petitioner might be entitled to equitable tolling, dismissing the petition as untimely at this stage would be premature. Id. at 3. Judge Duffin next observed that it appeared that the petitioner had not exhausted his claims. Id. Judge Duffin determined that even if the petitioner was asserting that he did not exhaust his claims because he received ineffective assistance of counsel, the petitioner would have had to present that claim to the Wisconsin state courts via a postconviction motion before filing a federal *habeas* petition. Id. at 3–4.

Judge Duffin determined that the "biggest" problem with the petition was the fact that the petitioner had not presented any constitutional claims cognizable on *habeas* review. Id. at 4. Judge Duffin stated that because the petitioner had entered a no contest plea, "only the knowing and voluntary nature of the plea may be attacked" on *habeas* review. Id. at 4–5 (quoting United States v. Brown, 870 F.2d 1354, 1358 (7th Cir. 1989)). Judge Duffin concluded that the court need not construe the petition so liberally as to find that the petitioner meant his claims as a challenge to his underlying plea. Id. at 5. Because he determined the petitioner did not state any cognizable constitutional claims, Judge Duffin recommended that this court dismiss the petition. Id. at 5–6.

Judge Duffin also denied the petitioner's motion to appoint counsel. Id. at 5. Judge Duffin concluded that the petitioner had not presented "any

evidence of efforts to retain counsel on his own" and that appointing counsel for the petitioner would not remedy the defects in the petition. Id. Judge Duffin stated that the petitioner could renew his motion should this court decline to adopt Judge Duffin's recommendation to dismiss the petition. Id.

**II.    Legal Standard**

The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

**III.   Analysis**

Judge Duffin's recommendation is not clearly erroneous or contrary to law. Judge Duffin first observed that the petition likely was not timely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for filing a *habeas* petition in federal court. 28 U.S.C. §2244(d). A petition filed after the one-year period is time-barred and must be dismissed. Id. Under AEDPA, the one-year period generally begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); Dodd v. United States, 545 U.S. 353, 357 (2005).

The Wisconsin Supreme Court denied the petitioner's petition for review on October 11, 2016. He did not file a petition for writ of *certiorari* with the

United States Supreme Court. That means that his conviction became "final"—and his one-year limitation period began to run—ninety days after the Wisconsin Supreme Court denied his petition—that is, on January 9, 2017. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002) (statute of limitation begins to run "when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ"); Supreme Court Rule 13(1) (requiring that a person must file a petition for *certiorari* within ninety days after entry of judgment). The petitioner had until January 9, 2018 to file his federal *habeas* petition. He did not file the petition until June 9, 2025—over seven years after the one-year limitation period expired. But as Judge Duffin correctly noted, the statute of limitation is an affirmative defense and subject to equitable exceptions. It was not clearly erroneous for Judge Duffin to decline to dismiss the petition on timeliness grounds.

Judge Duffin also determined that the petitioner had not exhausted his state court remedies before filing this federal petition. With few exceptions, a petitioner must exhaust available state court remedies before a district court will consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). That means that the "petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). Failing to present

6

each *habeas* claim to the state courts is a "procedural default" that bars federal review on the merits. Weddington, 721 F.3d at 456. If an incarcerated person files a federal petition without exhausting his state court remedies, the federal court may dismiss the petition without prejudice so that the incarcerated person can return to state court to exhaust remaining remedies. Bolton v. Akpore, 730 F.3d 685, 696 (7th Cir. 2013).

The petitioner admits that he "may not have" exhausted his state court remedies, which he says is because he received ineffective assistance of counsel. Although ineffective assistance of counsel can excuse a petitioner's failure to exhaust his underlying claims, the petitioner still must present his ineffective assistance of counsel claim to the state courts before presenting the claim in a federal *habeas* petition. Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) (stating that "the claim of ineffective assistance must be raised in state court before it can suffice on federal habeas relief as 'cause' to excuse the default of another claim"). It was not clearly erroneous for Judge Duffin to conclude that the petitioner failed to exhaust his claims and failed to exhaust his ineffective assistance of counsel claim to excuse that default.

Judge Duffin ultimately recommended that the court dismiss the petition because the petitioner did not raise any constitutional claims. Judge Duffin recounted that the petitioner had entered a no contest plea and a special plea of not guilty by reason of mental disease or defect. The Supreme Court has held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

7

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973). As a result, "once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." Brown, 870 F.2d at 1358. "A plea of no contest invokes the same waiver principle." Gomez v. Berge, 434 F.3d 940, 942 (7th Cir. 2006) (citing United States v. Michigan Carton Co., 552 F.2d 198, 202 (7th Cir. 1977). It was not clearly erroneous for Judge Duffin to find that the petitioner had waived all non-jurisdictional arguments due to his plea.

It also was not clearly erroneous for Judge Duffin to determine that the petition did not raise any cognizable claims. The petitioner did not explicitly argue that his plea was not knowing and voluntary. He asserted that he did not see all the relevant crime scene photos or that the crime scene photos showed evidence inconsistent with his guilt, but the petitioner did not tie these claims to his plea. Indeed, the actual claim the petitioner meant to bring is unclear. Perhaps the petitioner meant to argue that his trial counsel was ineffective for not showing him, or explaining to him, all the relevant evidence and for "only focus[ing] on [his] insanity plea," and that as a result, his plea was not knowing or voluntary. But even if the court constructed this argument for the petitioner—which the court is not obligated to do—the petitioner has not exhausted that claim.

The petitioner has not given the state courts an opportunity to rule on his ineffective assistance of counsel claim, and the claim(s) he has tried to raise in his *habeas* petition do not challenge the knowing and voluntary nature of his plea. The court will adopt Judge Duffin's recommendation and dismiss the petition.

**IV.    Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the petitioner admits he has never raised his federal *habeas* claims in the state courts, the claims arise under state law and they followed the entry of a guilty plea, a reasonable jurist could not find Judge Duffin's decision to be clearly erroneous or the court's rulings debatable.

**V.    Conclusion**

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 10.

The court **ORDERS** that the *habeas* petition and this case are **DISMISSED**. The clerk will enter judgment accordingly.

9

Case 2:25-cv-00818-PP    Filed 09/17/25    Page 9 of 10    Document 11

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 17th day of September, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**